---

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

---

MAURY JAY ANDERSON,

                Petitioner,

vs.

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

**Case No.  2:05CV557DAK**

---

This matter is before the court on Petitioner Maury Jay Anderson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. Petitioner has also filed a Motion to Vacate with Prejudice His Conviction for Government's Deliberate Violation of Section 2255 Rules, Supra Note 1, Rule 4(b) and District Court's Tacit Acquiescence of that Blatant Violation ("Motion to Vacate") accompanied by an Affidavit Requesting Disqualification of Judge Kimball Because He Will Be Bias.

On June 28, 2004, Petitioner pled guilty to one count in a five-count Indictment.  This court sentenced Petitioner on January 26, 2005, to 78 months imprisonment and 36 months of supervised release.

Petitioner filed his Motion to Vacate because the government responded to his § 2255 motion without being asked to respond by the court.  Section 2255 provides that "[u]nless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney." There is nothing procedurally improper with the government filing a response before the court orders it. Section 2255 merely allows the court to rule on the motion initially without a response by the government if the motion is conclusively without merit. The fact that the government filed a response did not taint or bias the court. The court could have ordered such a response and it would not be biased or tainted by it. Therefore, there is no factual or legal basis for Petitioner's Motion to Vacate or Affidavit requesting disqualification. Accordingly, the Motion to Vacate and request for disqualification are denied.

Petitioner's § 2255 motion alleges that the court incorrectly determined a base offense level of 30 under U.S.S.G. § 2D1.1 and incorrectly imposed four enhancement levels in his criminal history using the preponderance of the evidence standard in violation of *United States v. Booker*. In his plea agreement, Petitioner admitted to having purchased 5.12 ounces of pure iodine, to setting up a methamphetamine laboratory, to having the lab equipment and chemicals to manufacture methamphetamine, and to intending to manufacture a controlled substance.

Petitioner argues that the court should have used Section 2D1.11 instead of 2D1.1 to calculate his base offense level. Section 2D1.11 directs a court to use Section 2D1.1 if (1) the offense level under Section 2D1.1 is greater than the level under Section 2D1.11 and (2) the offense involved an attempt to manufacture a controlled substance unlawfully. U.S.S.G. § 2D1.11(c). For the quantity of materials involved in this case, Section 2D1.11 provides a base offense level of 26 whereas Section 2D1.1 provides a base offense level of 30. Because the

offense level is greater under Section 2D1.1 and the offense involved an attempt to manufacture a controlled substance unlawfully, this court properly used Section 2D1.1 to calculate Petitioner's base offense level.

Petitioner also appears to argue that his sentence would have been lower if the court had used only the statutory maximum sentence. However, there is no merit to this argument given that Petitioner's sentence of 78 months is well below the statutory maximum.

Next, Petitioner asserts that the court's imposition of four criminal history points was unlawful. Although the Presentence Report included four criminal history points, this court granted Petitioner's Section 4A1.3 motion for a downward departure for his criminal history being significantly overrepresented. The court then sentenced Petitioner at the lowest end of Category II.

Petitioner has not demonstrated that at least three criminal history points were inappropriately included, therefore any error would be harmless. A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c). U.S.S.G. § 4A1.2(a)(3). The term "prior sentence" means any sentence previously imposed upon adjudication of guilt–by trial, guilty plea, or plea of nolo contendere. The Presentence Report correctly assessed one point for Petitioner's prior sentence that was imposed and suspended on May 6, 2002 and one point for his sentence on February 25, 2002. The Presentence Report also correctly assessed two points because Petitioner committed the instant offense while on probation from the February 25, 2002 conviction. Because these points were properly assessed and the court already granted a downward departure for Petitioner's criminal history points, there is no basis for Petitioner's claim that his placement in

Criminal History Category II was unlawful.

To the extent that Petitioner relies on *United States v Booker*, 125 S. Ct. 738 (2205), to assert that his sentence was unlawful, such reliance is missplaced.  The court did not make an improper finding as to Petitioner's prior convictions.  Prior convictions are well-established exceptions to the Sixth Amendment's reasonable doubt and jury requirements.  *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000).  The court in *Booker* recognized that a prior conviction was an exception to the rule.  125 S. Ct.  738, 756 (2005).  Moreover, according to *Booker*, this court applied the Sentencing Guidelines in an advisory fashion in calculating Petitioner's criminal history points and determining the appropriate sentence.

Because Petitioner's claims lack merit, there is no basis for his claim that his counsel was ineffective for failing to raise these claims.  His counsel obtained a downward departure for Petitioner on the criminal history category and reminded the court that it was not bound by the Sentencing Guidelines in reaching an appropriate sentence.  Accordingly, the court finds Petitioner's arguments without merit, Petitioner's § 2255 motion is denied and this case is dismissed with prejudice.

DATED this 14th day of September, 2005.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

4